IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

DAVID CRANE, JR.
14926 Dewey Street  CASE NO.  2:16-cv-334
Cedar Lake, Indiana 46303

     **Plaintiff,**

 -vs-

JOHN BUNCICH,
LAKE COUNTY SHERIFF
2293 North Main Street
Crown Point, Indiana 46307

BOARD OF COMMISSIONERS
LAKE COUNTY, INDIANA
2293 North Main Street
Crown Point, Indiana 46307

LAKE COUNTY FRATERNAL ORDER
OF POLICE, LODGE #125
P.O. Box 653
Crown Point, Indiana 46308-0653

and

Various JOHN DOES 1-10,

     **Defendants.**

---

**VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

---

 This is an action for money damages to redress the deprivation by Defendant John Buncich, Sheriff of Lake County, State of Indiana, the Board of Commissioners of Lake County, State of Indiana, and the Lake County Fraternal Order of Police, Lodge #125 of the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII, the Rehabilitation Act, 5 U.S.C. §1502 and the Constitution and laws of the State of Indiana.  The

Defendants terminated Plaintiff David Crane, Jr.'s employment in violation of the Americans with Disabilities Act of 1990.  Plaintiff suffered severe financial harm from the illegal termination of his employment and wrongfully in violation of public policy, which was a result from permanent injuries that were aggravated while in the employment of the Defendants.

## JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990 and 5 U.S.C. §1502 and the principal of pendent jurisdiction.

2. This action also includes the state law violations of wrongful discharge, intentional infliction of emotional distress, and negligent infliction of emotional distress.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because during relevant time, Defendants were residing in or had agents or transacted their illegal conduct in this district.  Venue is also appropriate in this district because this is the judicial district in which the claims arose.  Venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and 5 U.S.C. §1502.

5. The acts constituting the violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Northern District of Indiana.

## PARTIES

6. During all times mentioned in this Complaint, Plaintiff David Crane, Jr. was, and is, an individual adult citizen of the United States residing at 14629 Dewey Street, Cedar Lake, Indiana 46303.  At the time of the events described herein, Defendant John Buncich,

Sheriff of Lake County, Indiana employed Plaintiff David Crane, Jr. in Lake County, Indiana.

7. During all times mentioned in this Complaint, the Defendant John Buncich, Sheriff of Lake County, Indiana is being sued in his organizational capacity as being responsible for violating the Americans with Disabilities Act resulting in the injuries suffered by the Plaintiff and in violation of 5 U.S.C. §1502.  Defendant John Buncich, Sheriff of Lake County, Indiana has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

8. During all times mentioned in this Complaint, the Defendant Board of Commissioners is being sued as the governing and policy making body for employees of the county government for Lake County, Indiana is being sued as being responsible for violating the Americans with Disabilities Act resulting in the injuries suffered by the Plaintiff and in violation of 5 U.S.C. §1502.  Defendant Board of Commissioners has a principal place of business located at 2293 North Main Street, Building A, 3rd Floor, Crown Point, Indiana 46307.

9. During all time mentioned in this Complaint, the Defendant Lake County Fraternal Order of Police, Lodge #125, was the bargaining unit and representative for employee grievances on behalf of employees of the Lake County Sheriff Department including Plaintiff David Crane, Jr.  Defendant Lake County Fraternal Order of Police, Lodge #125, is being sued for the failure to protect Plaintiff David Crane, Jr. as to his employment when it failed to present grievances on his behalf as to violations by Defendants Lake County Board of Commissioners and John Buncich.  Defendant Lake

County Fraternal Order of Police has a mailing address of P.O. Box 653, Crown Point, Indiana 46308-0653.

10. During all time mentioned in this Complaint, it is believed that various John Does 1-10, participated in concert with Defendant Buncich in facilitating the violations of the American with Disabilities Act resulting in the injuries suffered by Plaintiff and in the violations of 5 U.S.C. §1502.

## ADMINISTRATIVE COMPLIANCE

11. On or about January 25, 2016, Plaintiff David Crane, Jr. filed charges of employment discrimination against John Buncich, Sheriff of Lake County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC). Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference. It should be noted that these claims are not required to be administratively adjudicated prior to institution of this action.

12. On or about April 21, 2016, Plaintiff David Crane, Jr. received a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibits B, C, D, E, F and incorporated herein by reference is a true and accurate copy of the Notice.

## STATEMENT OF FACTS AS TO PLAINTIFF DAVID CRANE, JR.

13. Plaintiff began his employment through Defendants Lake County Sheriff Department and John Buncich, Sheriff of Lake County on June 12, 1998.

14. Plaintiff was employed as a police officer, subsequently being promoted to Corporal.

15. During 2012, Defendant John Buncich was elected Sheriff of Lake County. Plaintiff, David K. Crane, Jr. openly supported another candidate named Richard Liggen for the same position.

16. Shortly after Defendant Buncich was elected and entered office, he demoted Plaintiff David Crane from corporal to a transportation patrolman position.  As part of the transfer, Plaintiff was sent to the transport division for the purpose of transporting prisoners to different jails all over the State of Indiana.

17. Approximately four (4) months after being in the transportation division, Plaintiff David Crane sought to be returned to the patrol division which was in line with his training experience as an accident reconstruction investigator.

18. Defendant Buncich commanded after said request that Plaintiff David Crane was to "keep your mouth shut, do your job and avoid talking to him when you see me".

19. During 2013, Sgt. Guy Mikulich became the Plaintiff David Crane's supervisor who worked directly under Sheriff John Buncich advising Plaintiff that he got exactly what he deserved for campaigning against Defendant Buncich.

20. While under the supervision of Sgt. Mikulich, Plaintiff David Crane was given the worst assignments and was forced to work in a hostile work environment.

21. During February 2014 while working an afternoon shift, Plaintiff David Crane was injured in the line of duty.  Plaintiff fell during the course of responding to a battery call of domestic violence.

22. As a result of the fall, Plaintiff David Crane sustained injuries to his neck which required surgery to place a rod from the C7 to C3 disc.  Plaintiff further suffered nerve damage of both hands and the right foot.

23. Under direction of Guy Mikulich, who had been promoted to commander, ordered that the Plaintiff be written up for failure to provide documentation from his doctor directly to him in violation of HIPP.  Plaintiff's physician was following proper protocol by faxing

       the medical information to the Staff Services as required by the Employees Manual of the Lake County Sheriff Department related to any employee that was on medical leave.

24. During the fall of 2014, Defendant Buncich never permitted Plaintiff to return to work by offering him light duty or assignments that he had previously worked which would be consistent with his disabilities.

25. Plaintiff was placed in a position whereby reason of his disability he was unable to perform the duties, but Defendants failed to accommodate his disability.

26. By reason of transfer to the patrolman's position, Plaintiff was unable to work and was placed on sick leave by his physician.

27. In December 2014, said physician requested an extension of sick leave for the Plaintiff as is provided under the contract with the Sheriff Department negotiated by the Lake County Fraternal Order of Police, Lodge #125.

28. On January 24, 2015, a Merit Board for the Lake County Sheriff Department composed of an improper array of members denied the extension for the additional sick leave. A hearing took place without notice to the Plaintiff who was not permitted an opportunity to present his medical documentation for said extension.

29. During February 2015, Defendant Buncich terminated the employment of Plaintiff as a police officer with the Lake County Police Department.

30. On March 12, 2015, a hearing was held before the Pension Board under the fact that the Merit Board had been informed by Sheriff Buncich that Plaintiff was to be retired. Plaintiff informed the Pension Board that he had no desire to be retired at this time and wished to continue his employment as police officer serving in a capacity that would be

available with his disability, yet with his training he could provide services to said department.

31. Defendant Buncich ordered Plaintiff was no longer to receive compensation from the Lake County Sheriff Department after January 29, 2015.

## FIRST CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

32. Plaintiff re-alleges the allegations contained in paragraphs 1 through 31 as if fully rewritten.

33. Plaintiff was disabled from injury sustained during his employment and then Defendant failed to provide reasonable accommodation for his work limitations due to the spinal injuries for which is was forced to limited duty.

34. Defendant knew that Plaintiff was suffering from a debilitating disability.

35. Defendant could have made reasonable accommodations for the Plaintiff to continue employment.

36. Defendant terminated Plaintiff's employment by reason of his disability.

37. Plaintiff's position with Defendant Buncich and the Lake County Sheriff Department was immediately filled by an outside hire.

## SECOND CAUSE OF ACTION
### (Wrongful Termination—State Law Claim)

38. Paragraphs 1 through 37 are incorporated herein as if restated fully and in their entirety.

39. Under certain situations, terminating a person's employment because of a disability that was sustained is a violation of the Americans with Disabilities Act of 1990.

40. Dismissing an employee in a similar situation as the Plaintiff would jeopardize public policy.

41. Defendant Buncich has exhibited disparate treatment wherein he has made accommodations for other similarly situated employees by placing them in positions that permitted them to continue their employment periods of their rehabilitation.

42. The termination of Plaintiff's employment was a result of Defendant Buncich not wanting to employ an individual who had been involved in a political campaign which was adverse to him and subsequently terminated Plaintiff with a known disability which could be reasonably accommodated.

43. The Defendant Buncich lacked legitimate reasons for terminating Plaintiff's employment, the Plaintiff was able to perform all elements of his position that are peculiar to his position as accident reconstruction investigator in a desk position .

## THIRD CAUSE OF ACTION
### (Infliction of Emotional Distress—State Law Claim)

44. Plaintiff re-alleges the allegations contained in paragraphs 1 through 43 as if fully rewritten.

45. Defendant Buncich knew, or should have known that his actions, mainly terminating Plaintiff's employment, would cause emotional distress.

46. Defendants' conduct were negligent, extreme and outrageous considering that Plaintiff could have continued working for the Defendants in a limited capacity.  Plaintiff was further hurt while in the performance of his employment; Defendants terminated his employment once it became knowledge that Plaintiff would not be able to perform ancillary duties fully while suffering from his disability.

47. Plaintiff has suffered financial losses, resulting in mental anguish.  Plaintiff has been unable to find other similar gainful employment as a result of being impaired by this work related injury.

48. Defendant knew, or should have known, that it was placing Plaintiff in difficult financial situation upon his termination. Defendant knew, or should have known, that the Plaintiff would not be able to find employment his work by reason of their providing a negative work record for Plaintiff Crane.

49. Such conduct by the Defendant was outside the bounds of decency and can be considered extreme and outrageous, intolerable in a civilized community.

### FOURTH CAUSE OF ACTION
### (§§501, 504, Rehabilitation Act of 1973)

50. Plaintiff re-alleges the allegations contained in paragraphs 1 through 49 as if fully rewritten.

51. Plaintiff is not required to exhaust his Title VII remedies under Section 504 of the Rehabilitation Act.

52. Plaintiff has a private cause of action under Sections 501 and 504 of the Rehabilitation Act of 1973, as amended.

53. Defendant is required under Section 501 of the Rehabilitation Act to take affirmative steps to insure that individuals with disabilities have equal access to employment opportunities.

54. Defendant placed plaintiff in an employment position that was not to accommodate plaintiff's physical disability.

55. Defendant knew that plaintiff had this disability, but refused to offer employment that would accommodate this disability.

56. Plaintiff is a person with a disability defined by the Rehabilitation Act of 1973.

57. Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified employee, solely on the basis of his disability violates Section 501 of the Rehabilitation Act, 29 U.S.C. §791.

58. Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified, solely on the basis of his disability, violates Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

## FIFTH CAUSE OF ACTION
### (Violation of ADA)

59. Plaintiff re-alleges the allegations contained in paragraphs 1 through 58 as if fully re-written.

60. Plaintiff has a private cause of action under Sections 12101 et seq. of the Americans with Disabilities Act of 1990.

61. Defendant had knowledge that plaintiff is a "qualified individual with a disability" as defined under 42 U.S.C. §12111(8).

62. Defendant had knowledge that plaintiff could have been assigned to another employment position that would have been a "reasonable accommodation" as defined under 42 U.S.C. §12111(9).

63. Defendant failed to make "a reasonable accommodation" to plaintiff's known physical limitation of a "qualified individual with a disability" employee as provided for under 42 U.S.C. §12112(b)(5)(A).

64. Defendant has further failed to grant disability retirement benefits or buy-out for his retirement, thereby discriminating against Plaintiff as to his disability retirement.

## SIXTH CAUSE OF ACTION
### (Violation of 5 U.S.C. §1502)

65. Plaintiff re-alleges the allegations contained in paragraphs 1 through 64 as if fully rewritten.

66. Plaintiff has a private cause of action under 5 U.S.C. §1502.

67. Plaintiff was discriminated against for his participation in political activity that Defendant Buncich deemed adverse to his political campaign.

68. Defendant Buncich knew that Plaintiff was free to participate in political activity for any candidate for the position of Sheriff of Lake County, Indiana.

69. Defendant Buncich knew or should have known that he was not to take retribution as to any employee of the Lake County Sheriff Department for their political activities.

70. By reason of the conduct of Defendant Buncich, Plaintiff was injured in his person and property for the acts of demotion and subsequently disparate treatment during the course of being injured on the job and his subsequent disability.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)

71. Plaintiff re-alleges the allegations contained in paragraphs 1 through 70 as if fully re-written.

72. Plaintiff David Crane, Jr. was a member of the Lake County Fraternal Order of Police, Lodge #125 at all times relevant in this Complaint.

73. Defendant Lake County Fraternal Order of Police, Lodge #125 owed a duty to Plaintiff Crane to represent him for the purpose any grievance that he may have in relation to contract issues that include application of employee manuals and the equal application of employee discipline, including discharge.

74. Defendant Lake County Fraternal Order of Police, Lodge #125 failed to take grievances on behalf of Plaintiff Crane that included the discriminatory conduct of the employer as to sick leave, permitting light duty of members with disabilities and in appropriate discharge by the employer and misrepresentation by the employer before the Merit Board of Lake County, Indiana.

75. Said conduct of Defendant Lake County Fraternal Order of Police, Lodge #125 has caused damage to Plaintiff Crane in his person and property.

WHEREFORE, Plaintiff Day respectfully demands the following relief:

(A) An award against Defendants for damages sustained by Plaintiff in the first, second, third, fourth, fifth, sixth and seventh causes of action, along with interest, attorney fees, and costs therein;

(B) An award against Defendant John Buncich for actual, punitive, exemplary, and consequential damages in the amount greater than $75,000.

(C) Such other and further relief as to which this Court may deem just and proper.

Respectfully Submitted,

F. HARRISON GREEN CO., L.P.A.

　　　/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff David Crane
Indiana Supreme Court Reg. 22154-18
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
fhgreen@fuse.net

## **JURY DEMAND**

It is hereby demand by Plaintiff David Crane that the above matter by tried before a jury of his peers.

                                                   /s/ *F. Harrison Green*
                                              F. Harrison Green, Trial Attorney for
                                              Plaintiff David Crane

## **VERIFICATION**

State of Indiana
County of Lake, SS:

    I, DAVID CRANE JR., have read the above statements and believe them to be true to the best of my knowledge.

*/s/ David Crane Jr.*
DAVID CRANE JR.

    Before me a Notary Public in and for said State personally appeared DAVID CRANE JR. and did sign and swear to the foregoing statements on this the 12th day of July, 2016.

*/s/ Cathy Jo Blaho*
Notary Public

"Official Seal"
Cathy Jo Blaho
Notary Public, State of Indiana
Resident of Lake County, IN
My commission expires
January 31, 2020

14