# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

DAVID CRANE, JR.,       )
                              )
          Plaintiff,      )
                              )
          v.             )        No. 2:16 CV 334
                              )
JOHN BUNCICH, et al.,     )
                              )
          Defendants.    )

## OPINION and ORDER

Plaintiff David Crane, Jr. ("Crane" or "plaintiff"), brings this suit following the termination of his employment with the Lake County Sheriff's Department. (DE # 1.) Clark sued Lake County Sheriff John Buncich ("Buncich"), the Board of Commissioners of Lake County (the "Lake County Board"), the Lake County Fraternal Order of Police—Lodge # 125 (the "Fraternal Order"), and John Does 1–10 (the "Does"). (*Id.*)

The matter is now before the court on four motions for summary judgment filed by the various defendants. (DE ## 36, 38, 41, 42.) Additionally, the Fraternal Order has filed a motion for leave to file a late memorandum in support of its motion for summary judgment (DE # 47), and Buncich has filed a motion to strike (DE # 51). Plaintiff has responded to all of these pending motions, except for the motion for summary judgment brought by John Does 1–10. (*See* DE ## 48, 49, 50, 54.) Replies were filed by Buncich (DE ## 52, 55) and the Lake County Board (DE # 53). The time has now passed for all responses and replies to be filed, and these motions are ripe for ruling. *See* N.D. Ind. L.R. 7-1, 56-1.

## I.  BACKGROUND[1]

Plaintiff began his employment with the Lake County Sheriff's Department on June 12, 1998. (DE # 1 ¶ 13.) Plaintiff asserts he was later promoted to the position of corporal. (*Id.* ¶ 14.)

John Buncich was elected Sheriff of Lake County in 2012. However, plaintiff says he openly supported another candidate for the position, named Richard Liggen. (*Id.* ¶ 15.) After Buncich was elected, plaintiff says he was demoted and transferred to the transport division, where he was tasked with transporting prisoners to jails. (DE # 1-1 at 6.) Plaintiff alleges that he sought to return to the patrol division, but Buncich did not grant the request. (*See* DE # 1 ¶ 18.) Replying to plaintiff, Buncich said "keep your mouth shut, do your job, and avoid talking to [me] when you see me." (*Id.*) Plaintiff says his supervisor, Guy Mikulich, told plaintiff that he "got exactly what he deserved" for campaigning against Buncich. (*Id.* ¶ 19.)

Plaintiff was injured while on duty in February of 2014. (DE # 39 at 2.) Plaintiff asserts he sustained injuries to his neck which required a rod to be placed from the C7 to C3 discs. (DE # 1-1 at 6.) Plaintiff began taking sick leave due to his injuries. (DE # 1 ¶ 26.) In December 2014, he requested an extension of sick leave. (DE # 39 at 2.) However, according to plaintiff, this request for extension was denied and, instead, his employment was terminated. (DE ## 1 ¶¶ 28–29; 1-1 at 7.) According to plaintiff, this

---

[1] In the summary that follows, any unattributed facts are undisputed. This summary provides an overview. Additional relevant facts will be referred to in the analysis that follows.

termination was executed by the Lake County Sheriff's Department through its "Merit Board." (DE # 1-1 at 7.)

Plaintiff was placed on a disability retirement pension on January 29, 2015. (DE # 40-3.) However, at a hearing before the "Pension Board" on March 12, 2015, plaintiff asserted that he wished to continue his employment at the Sheriff's Department. (DE # 1 ¶ 30.) Nevertheless, plaintiff says he began receiving pension benefits in April 2015. (DE # 1-1 at 7.)

Based on these events, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on January 25, 2016. (DE # 1 ¶ 11.) The charge states the last date of discrimination was March, 11, 2015. (DE # 40-4.) Plaintiff's charge was dismissed by the EEOC as untimely, on April 21, 2016. (DE # 40-5.)

Plaintiff initiated his case in this court by filing a verified complaint on July 14, 2016, against Buncich, the Lake County Board, the Fraternal Order, and John Does 1–10. (DE # 1.) Plaintiff alleges seven causes of action: (1) violation of the Americans with Disabilities Act (the "ADA"), (2) wrongful termination, (3) infliction of emotional distress, (4) violation of the Rehabilitation Act of 1973, (5) second violation of the ADA, (6) violation of 5 U.S.C. § 1502, and (7) breach of contract. (DE # 1 at 7–11.) Discovery has been completed in this case, and defendants have moved for summary judgment on all claims. The court will now address the pending motions.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (internal citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion

for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

## III.    DISCUSSION

### A.    *Motion to Strike (DE # 51)*

Although the motion to strike is the most recently filed of defendants' motions, the court will address it first, due to the questions it raises regarding the sufficiency of plaintiff's response briefs and of the record before the court.

Buncich presents three arguments in the motion to strike. First, Buncich asserts plaintiff has failed to comply with Northern District of Indiana Local Rule 56-1(b)(2) in his response to Buncich's motion for summary judgment. (DE # 51 at 2.) That rule states that a response brief to a motion for summary judgment—or its appendix— "must include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2).

Buncich is correct that plaintiff has failed to include such a section in his response to Buncich's motion for summary judgment. (*See* DE # 49.) In fact plaintiff has not included a statement of genuine disputes in his response to any of the pending motions for summary judgment. Instead he includes a "Statement of Relevant Facts" in each response. (*See e.g.*, DE # 49 at 1–3.) Buncich argues that the court should strike plaintiff's

Statement of Relevant Facts and find that Buncich's statement of facts is undisputed. (DE # 51 at 2.)

Although plaintiff has not strictly complied with the local rules, this does not require the court to strike his factual statements. Rather, "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (affirming a district court's decision to consider a defendant's summary judgment motion although it did not comply strictly with all formal requirements of the local rule).

In the case at hand, plaintiff has presented a factual statement in his response brief which outlines the relevant facts of the case from his perspective. It may not be perfect compliance, but local rules are "not intended to provide a maze of technical traps to complicate and delay litigation without advancing merits." *Stevo*, 662 F.3d at 887. Therefore, the court will not strike plaintiff's Statement of Relevant Facts, nor will it find that Buncich's statement of facts are undisputed. The court denies Buncich's first request in his motion to strike.

Second, Buncich asks the court to strike plaintiff's Statement of Relevant Facts because it does not comply with Federal Rule of Civil Procedure 56(c)(1)(A). The rule states "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The rule goes on the say that affidavits are acceptable materials to support genuinely disputed facts. *Id.*

Plaintiff's Statement of Relevant Facts does not contain citations to particular materials in the record. However, it is clear to the court that the Statement of Relevant Facts is largely a restatement of the four-page fact section from plaintiff's verified complaint (DE # 1 at 4–7) and of plaintiff's two-page affidavit (DE # 1-1 at 6–7). Both of those documents may properly support facts under Rule 56(c)(1)(A).[2] Therefore, to the extent the Statement of Relevant Facts derives from these two proper materials in the record, the court will not strike it and the court denies Buncich's second request from the motion to strike. Nevertheless, in reviewing plaintiff's arguments in response to the pending motions for summary judgment, the court will consider that it is not the judge's role "to comb through the record without a guide to find disputes of material fact that preclude summary judgment." *Conley-Eaglebear v. Miller*, No. 16-3065, 2017 WL 7116973, at *1 (7th Cir. Sept. 26, 2017).

Lastly, Buncich asks the court to disregard facts presented by plaintiff which are not based on materials in the record. (DE # 51 at 4.) The court agrees with Buncich that it must "not speculate as to what is contained in a document not in the record, and will consider only the actual record before it." *United States v. Conservation Chem. Co. of Ill.*, 785 F. Supp. 1215, 1230 (N.D. Ind. 1989).

---

[2] The complaint in this case was signed and verified by plaintiff (DE # 1 at 14) and therefore, it is treated as an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) ("By declaring under penalty of perjury that the complaint was true, and by signing it, he converted the complaint or rather those factual assertions in the complaint that complied with the requirements for affidavits specified in the rule . . . into an affidavit.").

Specifically, Buncich argues plaintiff improperly references two items in his response to Buncich's motion for summary judgment: (1) a website "www.theodysseyonline.com/from-the-eyes-of-an-officer" (DE # 49 at 2), and (2) a "Guide to Indiana County Government, 2009 Edition, Chapter 5, p. 34" (DE # 49 at 9). Neither the website nor the guide are in the record.

Still, plaintiff argues that references to these items should not be stricken due to Local Rule 7-1(f). (DE # 54 at 7.) However, Local Rule 7-1(f) is not relevant to this discussion. It pertains to decisions, statutes, and regulations that are not available electronically. *See* N.D. Ind. L.R. 7-1(f). The truly relevant Local Rule is 56-1(b) which requires a party opposing a motion for summary judgment to file "any materials that the party contends raise a genuine dispute." N.D. Ind. L.R. 56-1(b)(1)(B).

Accordingly, the court will only consider materials in the record, and Buncich's motion to strike is granted in part. The court will not consider the website or the guide in ruling on the motions for summary judgment and strikes any reference to them from plaintiff's responses.

B.      *Motion for Summary Judgment by John Does 1–10 (DE # 36)*

In the complaint, plaintiff states "it is believed that various John Does 1–10 participated in concert with Defendant Buncich in facilitating the violations of the American[s] with Disabilities Act resulting in the injuries suffered by Plaintiff and in the violations of 5 U.S.C. § 1502." (DE # 1 ¶ 10.) He makes no further allegations regarding these unnamed defendants.

John Does 1–10 move for summary judgment on any claims against them. (DE # 36.) They argue that claims against unnamed parties are improper in federal court. (DE # 37 at 6.) Plaintiff did not respond to this motion or otherwise contest the Does' argument.

According to the Seventh Circuit, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under [Federal Rule of Civil Procedure] 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Discovery has now closed in this matter and plaintiff has still not attempted to name or serve any of the Does. Therefore, the court will grant summary judgment in favor of John Does 1–10.

C.    *Motion for Summary Judgment by John Buncich (DE # 38)*

Plaintiff brings suit against Buncich in his official capacity as Sheriff of Lake County. (DE # 1 ¶ 7.) A suit against a public employee in his official capacity is equivalent to a suit against the government entity for which the employee is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Therefore, the claims against Buncich are equivalent to claims against the Lake County Sheriff's Department.

Six of the seven claims in plaintiff's complaint are asserted against Buncich: (1) violation of the Americans with Disabilities Act, (2) wrongful termination, (3) infliction of emotional distress, (4) violation of the Rehabilitation Act of 1973, (5) second violation of the Americans with Disabilities Act, and (6) violation of 5 U.S.C. § 1502. (DE # 1 at

7–1.) Buncich moves for summary judgment on all claims against him. (DE # 38.) The court will discuss each of defendant's arguments, in turn.

i. *State Law Claims*

Plaintiff's claims for wrongful termination and infliction of emotional distress are both state law claims, brought under Indiana law. Buncich moves for summary judgment on these claims, on the basis that plaintiff has failed to comply with the notice requirements mandated by the Indiana Tort Claims Act (the "ITCA"). (DE # 39 at 4.)

Tort claims brought under Indiana law are subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 648 (citing *Bienz v. Bloom*, 674 N.E.2d 998, 1003 (Ind. Ct. App. 1996) ("[O]ur supreme court has held that the Act applies to all torts.")). Compliance with the ITCA is a prerequisite to pursuing a tort claim against a government entity regardless of whether the suit is filed in state or federal court. *Id.* One of the ITCA's requirements is that the plaintiff must provide notice of tort claims to the defendant's government body within 180 days after the alleged loss occurs. *Id.* at 648-49 (citing *Kelly v. City of Michigan City,* 300 F.Supp.2d 682, 689 (N.D. Ind. 2004) (granting summary judgment against plaintiff who failed to file tort claims notice within 180 days of the alleged violation)); Ind. Code § 34-13-3-8(a); § 34-6-2-110(7). Failure to timely file a notice of tort claim is a jurisdictional bar to the claimant's action and provides immunity from liability. *Doe v. Lance*, 3:95-CV-736, 1996 WL 663147, at *5 (N.D. Ind. July 15, 1996).

Failure to comply with the ITCA notice requirements is an affirmative defense that defendants must raise in their responsive pleadings. *Brown v. Alexander*, 876 N.E.2d 376, 383–84 (Ind. Ct. App. 2007). Once the defendant raises the defense, the burden shifts to the plaintiff to prove compliance. *Id.* Buncich raised this as an affirmative defense in his answer to the complaint. (DE # 14.)

Plaintiff does not argue that he complied with the notice requirements in Indiana Code sections 34-13-3-8 and 34-13-3-10. (*See* DE # 49 at 3.) Instead, he argues that strict compliance with the statute is not required, and that he has substantially complied with the statute. (*Id.*) Plaintiff is correct that strict compliance is not absolutely necessary. "The notice requirements of the Tort Claims Act are phrased in mandatory language, however, the courts have held that substantial compliance with its provisions will suffice when the purpose of the statute has been satisfied." *Bd. Of Aviation Comm'rs of St. Joseph Cnty. v. Hestor*, 473 N.E.2d 151, 154 (Ind. Ct. App. 1985).

In *Schmoettmer v. Wright*, 992 N.E.2d 702 (Ind. 2013), the Indiana Supreme Court further explained what constitutes "substantial compliance" with the notice requirement:

> Substantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied. The purposes of the notice statute include informing the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. The crucial consideration is whether the notice supplied by the claimant of

> his intent to take legal action contains sufficient information for
> the city to ascertain the full nature of the claim against it so that
> it can determine its liability and prepare a defense. But mere
> actual knowledge of an occurrence, even when coupled with
> routine investigation, does not constitute substantial
> compliance.

992 N.E.2d at 707 (internal quotation marks and citations omitted).

Plaintiff says he substantially complied with the notice requirement when he spoke before the Pension Board on March 12, 2015, stating the damage he had suffered, the nature of his disability, and his request for accommodation. (DE # 49 at 4.) In his complaint, plaintiff also asserts he told the Pension Board that he had no desire to retire and wished to continue his employment as a police officer. (DE # 1 ¶ 30.) This event took place within the 180-day time limit required by statute.

Nevertheless, although plaintiff expressed a desire to remain employed, there is no evidence that he supplied any notice to the Sheriff's Department that he intended to take legal action or assert a claim, as required by the Indiana Supreme Court. *See Ind. State Highway Comm'n v. Morris*, 528. N.E.2d 468 (Ind. 1988) ("[R]equiring a claimant to announce his intention to assert a claim . . . [is a] recognized objective[] of the statutory notice requirement."). Therefore, the purposes of the notice requirement were not satisfied within 180 days and plaintiff has not substantially complied with the notice requirement. Accordingly, plaintiff's state law claims are barred and the court will grant summary judgment on these claims.

ii.    *ADA Claims*

In plaintiff's first cause of action, he claims Buncich failed to provide reasonable accommodations for plaintiff after his injury and that Buncich terminated plaintiff's employment, in violation of the ADA. (DE # 1 ¶¶ 33–36.) Plaintiff also alleges in his fifth cause of action that defendant failed to grant plaintiff disability retirement benefits. (DE # 1 ¶ 64.)

Buncich moves for summary judgment on plaintiff's ADA claims solely[3] on the grounds that plaintiff failed to timely file a charge of discrimination with the EEOC. (DE # 39 at 5–6.) Title I of the ADA requires that an employee file a charge of discrimination with the EEOC prior to filing a complaint in federal court. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5). The charge must be filed within 300 days after the alleged discrimination; failure to file a timely charge precludes recovery on the claim. *See Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005).

Plaintiff filed his charge of discrimination on January 25, 2016. (DE # 1 ¶ 11.) The charge states the last date of discrimination was March, 11, 2015. (DE # 40-4.) Therefore, plaintiff filed his charge 320 days after the last day of the alleged discrimination, which

---

[3] In his reply, Buncich makes a broader argument about plaintiff's failure to present evidence in support of the ADA claims. (*See* DE # 52 at 4.) However, the court need not address arguments raised for the first time in the reply. *See Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that "skeletal" arguments may be properly treated as waived . . . as may arguments made for the first time in reply briefs.").

was twenty days late. Accordingly, Buncich argues that plaintiff's recovery is precluded on the ADA claims.

Plaintiff argues that strict compliance with the 300-day deadline is not required, and that his deadline for filing the charge should be extended because the delay was reasonable. (DE # 49 at 6.) The statutory filing period is not absolute. *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994). "Either equitable tolling or equitable estoppel can work to relax a statutory filing period." *Id*. "Equitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." *Id*. That doctrine is not applicable to the case at hand.

Meanwhile, equitable estoppel "comes into play when a defendant takes active steps to prevent a plaintiff from suing on time." *Chakonas*, 42 F.3d at 1135. In his response, plaintiff argues that defendant's actions caused his filing to be delayed. Specifically, in his affidavit, plaintiff asserts that after his hearing with the Pension Board on March 12, 2015, he "sought assistance through the grievance process with the [Fraternal Order], specifically President Tim Downs." (DE # 1-1 at 7.) Plaintiff attests that Downs advised "he would take up the matter with their legal advisor." (*Id.*) Yet, plaintiff received no further response. Plaintiff argues he relied on Downs's initial statement and the lack of a response caused his charge to be untimely. (DE # 49 at 6.)

According to plaintiff, Tim Downs was an employee of the Lake County Sheriff's Department, and thus, an agent of the employer. (*See* # 1-1 at 7.) "Equitable estoppel is available only when the employee's otherwise untimely filing was the result either of a

deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 605 (7th Cir. 1992) (internal quotation marks omitted).

When construing the facts presented in a light most favorable to plaintiff, an employee of the Sheriff's Department (Downs) actively made a statement to plaintiff—that he would take up the matter with his legal advisor—which the defendant should have understood would cause plaintiff to delay the filing of his charge. Under this view of the facts, plaintiff reasonably relied on a statement which seemed to indicate his charge was being handled by the legal advisor at the Fraternal Order, and that he would not need to act on it independently. Consequently, when viewing the facts as plaintiff asserts them, equitable estoppel is available, under the standard set forth in *Hamilton*. Under equitable estoppel, plaintiff's filing of a charge of discrimination a mere 20 days late can be excused. Therefore, the court cannot grant summary judgment on this claim.

### iii. *Rehabilitation Act Claim*

Plaintiff asserts a claim against Buncich for a violation of the Rehabilitation Act. (DE # 1 at 9.) The Rehabilitation Acts states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by the Act. 29 U.S.C. § 794(a). To succeed on a claim of

employment discrimination under this statute, plaintiff must prove that: (1) he is disabled within the meaning of the statute, (2) he was otherwise qualified for the job in question, (3) he was discharged or the subject of other adverse action solely because of his disability, and (4) the employment program of which his job was a part received federal financial assistance. *Felix v. Wisc. Dep't of Trans.*, 828 F.3d 560, 568 (7th Cir. 2016).

As to the fourth requirement, plaintiff presents two potential pieces of evidence in support of the notion that the Sheriff's Office receives federal funding. (*See* DE # 49 at 9.) First, plaintiff says that Buncich recently admitted in a criminal matter that the Lake County Jail received Federal Funds. (*Id*.) However, plaintiff does not cite to the record in support of this particular assertion. For the reasons stated earlier in this order, the court will not look outside the record, nor will it comb the record in search of this fact.

Second, plaintiff presents a quote from the Guide to Indiana County Government, 2009 Edition, Chapter 5, p. 34. (DE # 49 at 9.) The court already decided—in ruling on the motion to strike—that it will not consider this Guide in deciding the motion for summary judgment.

Consequently, plaintiff has pointed to no particular materials in the record which support the fourth element of his Rehabilitation Act claim. Therefore, no genuine dispute of fact remains, the claim fails, and the court will grant summary judgment on the claim.

*iv.    5 U.S.C. § 1502 Claim*

Plaintiff asserts a claim for violation of 5 U.S.C. § 1502, claiming he was discriminated against for his participation in a political campaign. (DE # 1 ¶ 67.) Buncich moves for summary judgment on this claim, on the basis that 5 U.S.C. § 1502, commonly known as the Hatch Act, does not provide a private right of action.

In his response, plaintiff says that the Hatch Act can provide the basis for his claim, and he cites to *McKechnie v. McDermott*, 595 F.Supp. 672 (N.D. Ind. 1984) to support his argument. However, *McKechnie* does not stand for the proposition that an individual has a private right of action for a violation of the Hatch Act. On the contrary, the court in *McKechnie* only analyzed the Hatch Act in order to determine whether the *plaintiff* had violated the Act.  *McKechnie*, 595 F. Supp. at 675. The plaintiff in that case did not assert a private claim for a violation of the Act. *See id*. Therefore, in the case at hand, plaintiff has not provided any legal support for the notion that he has a private right of action under the Hatch Act.

Additionally, plaintiff's response contains a new claim for "Interference with First Amendment Rights," pursuant to Indiana Code § 36-8-10-11(c). (DE # 49 at 10.) By adding a new claim, plaintiff is attempting to amend the original complaint. This attempted amendment necessarily fails because "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Anderson v. Donahoe*, 699 F.3d 989 (7th Cir. 2012) (internal quotation marks omitted). Since the amendment is not permitted, plaintiff's only claim related to his

17

political participation is the Hatch Act claim; and, plaintiff has not demonstrated that he has a private right of action to assert that claim. Therefore, the court will grant summary judgment on this claim.

     D.    *Motion for Summary Judgment by the Lake County Board (DE # 42)*

In the complaint, plaintiff identifies the Lake County Board as "the governing and policy making body for employees of the county government for Lake County, Indiana." (DE # 1 ¶ 8.) He brings suit against the Lake County Board for "violating the Americans with Disabilities Act resulting in the injuries suffered by the Plaintiff and in violation of 5 U.S.C. § 1502." (*Id*.) However, the complaint contains no further allegations regarding the Lake County Board. (*See id*.) Nor is the Lake County Board mentioned in plaintiff's affidavit. (*See* DE # 1-1 at 6–7.)

Defendant Lake County Board moves for summary judgment on the grounds that plaintiff makes no specific allegations that the Board "played any role whatsoever in this alleged course of discriminatory conduct." (DE # 43 at 7.) Defendant also argues that the Lake County Board cannot be held liable for defendant Buncich's actions because it has no ability to control those actions (other than in some limited emergency situations). (*Id*. at 5–6.)

In its response, plaintiff does not point to any additional facts or allegations which would support claims against the Lake County Board. (*See* DE # 48.) Plaintiff also admits that the Lake County Board is not liable for acts of the Sheriff, absent certain circumstances which plaintiff does not argue are applicable to this case. (*Id*. at 10.)

Rather, plaintiff rests his argument on the premise that the Lake County Board has an

agency relationship with the Sheriff's Department's "Merit Board." (*Id.*) For support,

plaintiff quotes the Lake County Sheriff's Retirement Plan Preamble. (*Id.*) However,

plaintiff does not cite to where this document appears in the record, if it appears at all.

As stated before, it is not this court's role to "to comb through the record without a

guide to find disputes of material fact that preclude summary judgment."

*Conley-Eaglebear v. Miller*, No. 16-3065, 2017 WL 7116973, at *1 (7th Cir. Sept. 26, 2017).

Regardless, the quote plaintiff provides from the Retirement Plan states that the

Merit Board was established by the *County Council of Lake County*, not the Board of

Commissioners of Lake County. There are no facts or other materials before the court to

indicate that the Lake County Board is in control of the Merit Board.

Summary judgment is "the 'put up or shut up' moment in a lawsuit, when a

party must show what evidence it has that would convince a trier of fact to accept its

version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003).

Plaintiff has not set forth what particular evidence it has to demonstrate that the Lake

County Board is liable under any claim in this suit. Therefore, the motion for summary

judgment will be granted.

   E.  *Motion for Summary Judgment by the Fraternal Order (DE # 41) and Motion for Leave to File Late Memorandum (DE # 47)*

The deadline for filing dispositive motions in this case was September 27, 2017.

(DE # 35.) The Fraternal Order filed its motion for summary judgment on that date. (DE

# 41.) However, it did not file its memorandum in support of the motion until two days later, on September 29, 2017. (DE # 47-1.)

### i.     *Motion for Leave*

The Fraternal Order moves for leave to file this late memorandum, stating that it incorrectly noted the deadline to be September 29, 2017, on its calendar. (DE # 47 at 1.) Plaintiff opposes the motion for leave. (DE # 50 at 3–4.) Nevertheless, the court will grant the motion for leave. Plaintiff filed its motion for summary judgment before the deadline and filed the memorandum soon thereafter. It is clear the request for extension was not made for a dilatory purpose, and the extension of time (two days) is not unreasonable.

Moreover, plaintiff will not be prejudiced by granting the motion for leave, because, for the reasons below, the court will deny the Fraternal Order's motion for summary judgment.

### ii.     *Motion for Summary Judgment*

According to plaintiff, the Fraternal Order serves as the bargaining unit and representative for employees of the Lake County Sheriff's Department. (DE # 1 ¶ 9.) Plaintiff alleges the Fraternal Order owed him a contractual duty "to represent him [in] any grievance that he may have in relation to contract issues that include application of employee manuals and the equal application of employee discipline, including discharge." (*Id.* ¶ 73.) Plaintiff brings a breach of contract claim, asserting the Fraternal

Order breached its contractual duty to him when it "failed to take grievances on behalf of [plaintiff] . . . before the Merit Board." (*Id.* ¶ 74.)

The Fraternal Order moves for summary judgment on this claim, and supports its motion with the late-filed memorandum, which contains only a single page of argument. (DE # 47-1 at 3.) The Fraternal Order makes two brief arguments. In one argument, the Fraternal Order contends summary judgment is warranted because the plaintiff has not provided a copy of the contract he claims was breached. (*Id.*) However, the Fraternal Order does not deny the existence of the contract. Instead, in absence of the contract, it argues that plaintiff has no evidence of a breach. (*See id.*)

The Fraternal Order provides no legal support for its position that a copy of a contract must be submitted to survive summary judgment on a breach of contract claim. Since there is no contract in the record, the court cannot speculate as to what is contained in that document, and will consider only the actual record before it. That record contains plaintiff's verified complaint which is to be treated as an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996). The verified complaint articulates a contractual duty and alleges the duty was breached. The Fraternal Order's argument contains bald assertions which on their own cannot controvert plaintiff's affidavit. *See Conservation Chem. Co. of Ill.*, 785 F. Supp. at 1230. Even though plaintiff has provided only the narrowest amount of support for his claim, that is still enough support to survive summary judgment where the defendant's argument has no legal support or support from the record.

In another argument, the Fraternal Order says that in order for a member of a union to state a breach of contract claim against the union, the individual must afford the union the opportunity to act on his behalf. (DE # 47-1 at 3 (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53 (1965)).) However, the Fraternal Order admits that plaintiff did seek assistance with his grievance from the Fraternal Order. (*Id.*) Yet, the Fraternal Order argues that summary judgment is still appropriate because "the issue plaintiff wished to grieve was not an issue covered by the purported contract." (*Id.*)[4]

Essentially, defendant argues that it knows the terms of the "purported contract" and knows that it did not breach those terms when it declined to take up plaintiff's grievance. Yet, the Fraternal Order does not provide these contract terms to the court or explain why plaintiff's grievance did not fall under the contract.

Based on this argument, defendant seems to be asking the court to simply trust that its understanding of the contract is correct and that plaintiff's understanding is not correct. However, at this stage of the litigation, the court must construe all facts in a light most favorable to the non-moving party. In that light, the material terms of the contract remain unclear and in genuine dispute by the parties. This genuine issue of fact precludes summary judgment. Accordingly, the Fraternal Order's motion for summary judgment is denied in its entirety.

## IV.   CONCLUSION

---

[4] The Fraternal Order also states, similarly, that it "did not have an opportunity to pursue a grievance on behalf of Plaintiff because the issue Plaintiff sought to grieve could not be grieved." (DE # 47-1 at 3.)

For the foregoing reasons, the court

(1) **GRANTS in part** Buncich's motion to strike (DE # 51) as to his request to disregard materials not in the record;

(2) Otherwise **DENIES in part** Buncich's motion to strike (DE # 51);

(3) **GRANTS** the motion for summary judgment by John Does 1–10 (DE # 36);

(4) **DENIES in part** Buncich's motion for summary judgment on the Americans with Disabilities Acts claims (DE # 38);

(5) Otherwise **GRANTS in part** Buncich's motion for summary judgment on all other claims (DE # 38);

(6) **GRANTS** the motion for summary judgment by the Board of Commissioners of Lake County (DE # 42);

(7) **GRANTS** the motion for leave to file a late memorandum (DE # 47);

(8) **DENIES** the motion for summary judgment by the Lake County Fraternal Order of Police Lodge # 125 (DE # 41);

(9) **DIRECTS** the Clerk to dismiss the Board of Commissioners of Lake County and John Does 1–10, from this case, because no claims against them remain; and

(10) **ORDERS** the parties to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by October 17, 2018. A trial date will be set under a separate order.

                                        **SO ORDERED.**
Date: September 17, 2018

                                        s/James T. Moody_____
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT